UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MUHAMMAD TARIQ BILAL                                 Index No.:  06 CIV 4015 (CM)


                                 Plaintiff,
           -against-                                              **PLAINTIFF'S**
                                                                  **JURY CHARGE**
BEST BUY CO., INC.                                                    **REQUESTS**

                                 Defendant.
-----------------------------------------------------------------X

## JURY CHARGE REQUESTS

### Introduction

      Members of the jury, we come now to that portion of the trial where you are instructed on the law applicable to the case and then retire for your final deliberations. You have now heard all the evidence introduced the parties and through the arguments of their attorneys you have learned the conclusion which each party believes should be drawn from the evidence presented to you.

### Jury Function

      As the jurors, your fundamental duty is to decide, form all the evidence that you have heard ant the exhibits that have been submitted, that the facts are. You are the sole, the exclusive judges of the facts. In that field you are supreme and neither I nor anyone else may invade your province. As the sole judges of the facts, you must decide which of the witnesses you believed, and what portion of their testimony you accepted, and what weight you give to it.

### Court's Function

      On the other hand, and with equal emphasis, I charge you that you are required to accept the law as it is given to you in this charge and in any instructions that I have given to you during the course of the trial. Whether you agree with the law as given to you by me or not, you are bound by it. You are not to ask anyone else about the law. [*If a lawyer or judge is a member of the jury, the following should be added*: including the lawyer or judge serving as a juror.] You should not consider or accept any advice about the law from anyone else but me. The process by which you arrive at verdict is first, to decide from all of the evidence and exhibits, what the facts are, and second, to apply the law as I give it to you, the facts as you have decided them to be. [*Where special verdict is to be used, requested here by the Plaintiff, add*:] Your verdict will be in the form of answers to written questions which I will submit to you.

1

**Weighing Testimony**

The law does not, however, require you to accept all of the evidence I admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as the occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness' recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability of unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the stand, the opportunity that the witness had to observe the facts about which he or she testifies, the probability or improbability of the witness' testimony when considered in the light of all of the other evidence in the case, are all items to be considered by you in deciding how much weight, if any, you will give to that witness' testimony. If it appears that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy can be reconciled by fitting the two stories together. If, however, that is not possible, you will then have to decide which of the confliction stories you will accept.

**Burden of Proof**

The burden of proof rests on the plaintiff. That means that it must be established by a fair preponderance of the credible evidence that the claim plaintiff makes is true. The credible evidence means the testimony or exhibits that you find to be worthy to be believed. A preponderance of the evidence means that greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it ahs on your minds. The law requires that in order for the plaintiff to prevail on a claim, the evidence that supports her claim must appeal to you as more nearly representing what took place that the evidence opposed to her claim. If it does not, or if it weights so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find in favor of the plaintiff.

**General Instruction – Circumstantial Evidence**

Facts must be proved by evidence. Evidence includes the testimony of a witness concerning what the witness saw, heard or did. Evidence also includes writing, photographs, or other physical objects which may be considered as proof of a fact. Evidence can be either direct or circumstantial. Facts may be proved either by direct or

circumstantial evidence or by a combination of both.  You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

Direct evidence is evidence of what a witness, saw, heard, or did which, if believed by you, proves a fact.  For example, let us suppose that a fact in dispute is whether I knocked over this water glass near the witness chair.  If someone testifies that he saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact which does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists.  For example, a witness testifies that he saw this water glass on the bench.  The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench.  This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts which form the basis of an inference must be proved and the inference to be drawn must be one that may be reasonably drawn.  In the example, even though the witness did not see me knock over the glass, if you believe his or her testimony, you could conclude that I did.  Therefore, the circumstantial evidence, if accepted by you allows you to conclude that the fact is dispute has been proved.

In reaching your conclusion you may not guess or speculate.  Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me.  The witness states that he heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes.  If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass.  Where these are the only proved facts, it would be only a guess as to who did it.  But, if the witness also testifies that he heard the court clerk say, "I am sorry," this additional evidence would allow you to decide who knocked over the water glass.

### General Instruction – Special Verdicts

This case will be decided on the basis of the answers that you give to separate series of certain questions that will be submitted to you.  Each of the questions asked calls for (a Yes or No answer, a dollar figure, or a date).  When you have agreed on any answer, the foreperson of the jury will write the answer in the space provided for each answer and each juror will sign in the appropriate place to indicate his or her agreement or disagreement.  As you will note from the wording of each series of questions, you need not consider question number 2, etc., at all if you answer to the question preceding it, (question number 1, etc.,) is "No".

When you have answered all the questions that require answers, report to the Court.

Do not assume from the questions or from the wording of the questions or from my instructions on them what the answers should be.

## I.     <u>Employment Discrimination – Denial of Promotion - Discrimination because of the National Origin of the Plaintiff – Circumstantial Evidence</u>

This is an action for employment discrimination. The law prohibits employment discrimination based the National Origin of the employee. In this case, the Plaintiff claims that the terms and conditions of his employment were affected because of his National Origin.

In order for the Plaintiff to recover, Plaintiff must prove by a preponderance of the evidence that his National Origin was a motivating factor in the Defendant's decision to change the terms and conditions of the Plaintiff's employment, notably the failure to promote the Plaintiff from employment. There can be more than one motivating factor in any decision. Therefore Plaintiff need not prove that his National Origin was the only reason for the Defendant's decision. The National Origin of the Plaintiff is a motivating factor if it made a difference in determining how the Plaintiff was treated by the Defendant.

The Plaintiff is not required to produce direct evidence that the Defendant discriminated against him because of his National Origin. Discrimination is rarely admitted and may be inferred from the existence of other facts.

In deciding whether the Plaintiff's National Origin was a motivating factor in the Defendant's decision not to promote the Plaintiff, you must first consider whether the Plaintiff has established the following facts by a preponderance of the evidence. First, the Plaintiff must establish that he was a member of the protected class, that is the Plaintiff must establish that his National Origin was not that of one born in the United States of America. Second, the Plaintiff must establish that he sought the desired position of employment. Third, the Plaintiff must establish that he was qualified for the desired promotion. Fourth, the Plaintiff must establish that he suffered an adverse employment action. the Plaintiff can establish the final element of the claim by demonstrating that the action occurred in circumstances giving rise to an inference of unlawful discrimination, for example, the promotion of a lesser qualified American born individual or demonstrative proof that the reason given by the Defendant for the action is false, a pretext.

If you find that the Plaintiff has failed to prove any one of these facts, you will find for the Defendant, (on this issue). If you find that the Plaintiff has proved all of these facts, then you must proceed to consider the reason the Defendant has given for the adverse employment action.

Defendant has alleges the Plaintiff was not as qualified for the promotion as the individual that did receive the promotion. The Plaintiff has the burden of establishing by a preponderance of the evidence that the reason offered by the Defendant was not really

4

the reason for the denial of the promotion and that, more likely than not, the Plaintiff's National Origin was a determining factor in the decision.

If you find that Plaintiff has failed to prove that the reason offered by the Defendant was not really the reason for the denial of the promotion, then you will find for the Defendant on this issue. If you find that the Plaintiff has proved that the reason offered by the Defendant was an excuse for discrimination, then you will find the Plaintiff on this issue and you should proceed to determine the amount of damages.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") provides for compensatory damages to those who suffer employment discrimination based upon National Origin.

Back pay awards are appropriate pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"). Once a determination is made that the Plaintiff has sustained an economic loss from a discriminatory employment practice, back pay should normally be awarded unless special circumstances are present. Back pay encompasses more than just salary, it also includes fringe benefits such as vacation, sick pay, insurance and retirement benefits. In this context, back pay is the amount of pay that the Plaintiff would have received if the Plaintiff was promoted to the position desired.

(**The Second Circuit has held that the determination of whether to award front pay and how much to award are questions for the Court and the jury.** Front pay is an award for a reasonable period in the future to help reestablish the victim's rightful place in the job market. Front pay is intended to compensate victims of discrimination of or the continuing future effects of discrimination until the victim can be made whole; it is a supplement to back pay, not a substitute for it. Front pay is considered a form of equitable relief. The award of front pay rests within the sound discretion of the trial court and should be based upon the likelihood of continuing disharmony in the workplace and the difficulty of monitoring the employer-employee relationship. Front pay is not subject to the statutory cap on compensatory damages)

I am going to provide you with a written verdict form. You will decide this case by answering the following questions:

1. Was the Plaintiff a member of a protected class due to his National Origin?

    Yes_____

    No_____

    If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

5

2. Did the Plaintiff seek a promotion?

> Yes_____
>
> No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

3. Was the Plaintiff qualified for the promotion?

> Yes_____
>
> No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

4. Did the Defendant deny the Plaintiff the promotion (that is, did the Plaintiff suffer an adverse employment action by the Defendant?)

> Yes_____
>
> No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

5 Was the reason offered by the Defendant for denying Plaintiff the desired promotion an excuse for discrimination? (Did the Defendant promote a lesser qualified individual to the sought after position?)

> Yes_____
>
> No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

6. State the amount of compensatory damages, if any, awarded to Plaintiff.

> Amount_____

If you decide not to make an award, you will insert the word "none".

## II.    Employment Discrimination – Termination of Employment - Discrimination because of the National Origin of the Plaintiff – Circumstantial Evidence

This is an action for employment discrimination.  The law prohibits employment discrimination based the National Origin of the employee.  In this case, the Plaintiff claims that the terms and conditions of his employment were affected because of his National Origin.

In order for the Plaintiff to recover, Plaintiff must prove by a preponderance of the evidence that his National Origin was a motivating factor in the Defendant's decision to change the terms and conditions of the Plaintiff's employment, notably the termination of the Plaintiff's employment.  There can be more than one motivating factor in any decision.  Therefore Plaintiff need not prove that his National Origin was the only reason for the Defendant's decision.  The National Origin of the Plaintiff is a motivating factor if it made a difference in determining how the Plaintiff was treated by the Defendant.

The Plaintiff is not required to produce direct evidence that the Defendant discriminated against him because of his National Origin.  Discrimination is rarely admitted and may be inferred from the existence of other facts.

In deciding whether the Plaintiff's National Origin was a motivating factor in the Defendant's decision, you must first consider whether the Plaintiff has established the following facts by a preponderance of the evidence.  First, the Plaintiff must establish that he was a member of the protected class, that is the Plaintiff must establish that his National Origin was not that of one born in the United States of America.  Second, the Plaintiff must establish that he satisfactorily performed the duties of his employment.  Third, the Plaintiff must establish that he suffered an adverse employment action.  Fourth, the Plaintiff can establish the fourth element of the claim by demonstrating that the action occurred in circumstances giving rise to an inference of unlawful discrimination, for example, not terminating the employment of an American born individual for the same workplace violation or demonstrative proof that the reason given by the Defendant for the action is false, a pretext.

If you find that the Plaintiff has failed to prove any one of these facts, you will find for the Defendant, (on this issue).  If you find that the Plaintiff has proved all of these facts, then you must proceed to consider the reason the Defendant has given for the adverse employment action.

The Defendant has alleged that the Plaintiff failed to abide by a workplace rule, and thus, he deserved to lose his employment.  The Plaintiff has the burden of establishing by a preponderance of the evidence that the reason offered by the Defendant was not really the reason for the denial of the promotion and that, more likely than not, the Plaintiff's National Origin was a determining factor in the decision.

If you find that Plaintiff has failed to prove that the reason offered by the Defendant was not really the reason for the denial of the promotion, then you will find for

the Defendant on this issue. If you find that the Plaintiff has proved that the reason offered by the Defendant was an excuse for discrimination, then you will find the Plaintiff on this issue and you should proceed to determine the amount of damages.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII") provides for compensatory damages to those who suffer employment discrimination based upon National Origin.

Back pay awards are appropriate pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"). Once a determination is made that the Plaintiff has sustained an economic loss from a discriminatory employment practice, back pay should normally be awarded unless special circumstances are present. Back pay encompasses more than just salary, it also includes fringe benefits such as vacation, sick pay, insurance and retirement benefits. In this context, back pay is the amount of pay that the Plaintiff would have received had the Plaintiff continued to work for the Defendant to this date.

(**The Second Circuit has held that the determination of whether to award front pay and how much to award are questions for the Court and the jury.** Front pay is an award for a reasonable period in the future to help reestablish the victim's rightful place in the job market. Front pay is intended to compensate victims of discrimination of or the continuing future effects of discrimination until the victim can be made whole; it is a supplement to back pay, not a substitute for it. Front pay is considered a form of equitable relief. The award of front pay rests within the sound discretion of the trial court and should be based upon the likelihood of continuing disharmony in the workplace and the difficulty of monitoring the employer-employee relationship. Front pay is not subject to the statutory cap on compensatory damages)

I am going to provide you with a written verdict form. You will decide this case by answering the following questions:

1. Was the Plaintiff a member of a protected class due to his National Origin?

    Yes_____

    No_____

    If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

2. Was the Plaintiff satisfactorily performing the duties of his employment?

    Yes_____

    No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

3. Did the Plaintiff suffer an adverse employment action by the Defendant?

Yes_____

No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

4. Was the reason offered by the Defendant for terminating the employment of the Plaintiff an excuse for discrimination? (Did the Defendant treat all workers, regardless of National Origin in the same manner when it came to matters of discipline)

Yes_____

No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

5. State the amount of compensatory damages, if any, awarded to Plaintiff.

Amount_____

If you decide not to make an award, you will insert the word "none".

### III. **Punitive Damages**

The Plaintiff claims the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

In some cases punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts by such employees are contrary to the employer's own good faith efforts to comply with a the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate in this case only if you find for the Plaintiff and then further find from a preponderance of the evidence:

1. That a higher management official of the Defendant purposefully acted with malice or reckless indifference to Plaintiff's federally protected rights, and
2. That Defendant itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace, or by enforcing those policies which the Defendant had ostensibly enacted.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Punitive damages must bear a reasonable relationship to the Plaintiff's actual injury. However, there is no simple way to link punitive to compensatory damages. In determining a reasonable relationship to the actual injury, you must consider all relevant factors. These include:

1. The impact or severity of Defendant's conduct.
2. The amount of time Defendant conducted itself in this manner.
3. The amount of compensatory damages.
4. The potential profits Defendant may have made from Defendant's conduct.
5. The attitudes and actions of Defendant's top management after the misconduct was discovered.
6. The effect of the damages award on Defendant's financial condition.

State the amount of punitive damages, if any, awarded to Plaintiff.

Amount_____

If you decide not to make an award, you will insert the word "none".

### IV. <u>Employment Discrimination – Retaliatory Conduct by the Defendant in Violation of "Title VII"</u>

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e <u>et seq.</u> ("Title VII") protects employees and former employees who attempt to exercise the rights guaranteed by the Act against retaliation by employers. The Title VII also protects an employee who participates in any "investigation, proceeding or hearing" from retaliation.

The Plaintiff claims that the Defendant retaliated against the Plaintiff because the Plaintiff alleged that the Defendant acted in a discriminatory manner. The Plaintiff

10

alleges that he informed the Defendant that he believed that he was being discriminated against because of his National Origin. These types of activities constitute conduct protected by the "Title VII". The Plaintiff further alleges that he suffered an adverse employment action due to the filing of his complaint with the Defendant's Ethics and Compliance Reporting Hotline. Lastly, the Plaintiff alleges that the adverse employment actions (failure to promote and termination of employment) were in response to Plaintiff's protected activity. The Plaintiff is entitled to recover his losses due to the retaliatory conduct of the Defendant.

The Plaintiff, claims that the Defendant, discriminated against the Plaintiff because the Plaintiff opposed a practice that was made unlawful by the Title VII. In order to prevail on this claim, the Plaintiff must show all of the following:

First: Plaintiff, was engaged in conduct protected by the Title VII;

Second: Plaintiff, was subjected to an adverse employment action at the time, or after, the protected conduct took place; and

Third: Defendant, took an adverse employment action against the Plaintiff, because of the Plaintiff's protected conduct.

If you find that the Plaintiff has proved this by a preponderance of the evidence, then you must find for the Plaintiff. However, if you find that the Plaintiff did not prove this by a preponderance of the evidence, then you must find for the Defendant. Furthermore, a plaintiff who presents direct evidence of a Defendant's retaliatory motivation is not required to prove other facts, such as the pretextual nature of the defendant's stated reason for the adverse act suffered by the Plaintiff.

I am going to provide you with a written verdict form. You will decide this case by answering the following questions:

1. Did the Plaintiff engage in conduct that was protected by Title VII?

    Yes_____

    No_____

    If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

2. Was the Plaintiff subjected to an adverse employment action at the time, or after, the protected conduct took place?

    Yes_____

    No_____

11

>> If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

> 3. Did the Defendant, take an adverse employment action against the Plaintiff because of the Plaintiff's protected conduct?

>> Yes_____

>> No_____

>> If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

> 4. State the amount of compensatory damages, if any, awarded to Plaintiff.

>> Amount_____

>> If you decide not to make an award, you will insert the word "none".

**Punitive Damages**

If you find for the Plaintiff, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

The Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the Defendant. You may assess punitive damages only if you find that the conduct of the Defendant's managerial employees was in reckless disregard of the Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken with knowledge that it may violate the law.

The Plaintiff must prove by a preponderance of the evidence that Defendant's managerial employees acted within the scope of their employment and in reckless disregard of the Plaintiff's right not be to retaliated against. In determining whether a party was a managerial employee of the Defendant, you should consider the kind of authority the Defendant gave each of them, the amount of discretion they each possessed in carrying out their respective job duties and the manner in which said duties were carried out. You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an anti-discrimination policy.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages.  Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party.  In determining the amount of any punitive damages, you should consider the following factors:

1. The reprehensibility of the Defendant's conduct;
2. The impact of the Defendant's conduct upon the Plaintiff;
3. The relationship between the Plaintiff and the Defendant;
4. The likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;
5. The Defendant's financial condition;
6. The relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

State the amount of punitive damages, if any, awarded to Plaintiff.

Amount_____

If you decide not to make an award, you will insert the word "none".

## V.     Employment Discrimination – Discrimination because of the National Origin of the Plaintiff – Circumstantial Evidence – New York State Human Rights Law sec. 296

This is an action for employment discrimination.  The law prohibits employment discrimination based the National Origin of the employee.  In this case, the Plaintiff claims that his employment was terminated because of his National Origin. The Plaintiff also alleges that he was denied a promotion because of his National Origin.  New York State Human Rights Law sec. 296(1)(a) requires an employer not to discriminate against an employee on the basis of National Origin.

In order for the Plaintiff to recover, Plaintiff must prove by a preponderance of the evidence that his National Origin was a motivating factor in the Defendant's decision to terminate the Plaintiff's employment and that his National Origin was a motivating factor in denying the Plaintiff a promotion.  There can be more than one motivating factor in any decision.  Therefore Plaintiff need not prove that his National Origin was the only reason for the Defendant's decision.  The National Origin of the Plaintiff is a motivating factor if it made a difference in determining whether or not she remained employed by the Defendant.

The Plaintiff is not required to produce direct evidence that the Defendant discriminated against him because of his National Origin.  Discrimination is rarely admitted and may be inferred from the existence of other facts.  Under New York State Human Rights Law an employee must offer the same benefits, rights and privileges to all

13

employees. If the employer has different standards for evaluating employees' work performance based upon National Origin, such would be an example of unlawful discrimination. The falsity of the Defendant's proffered reason for failing to promote the Plaintiff can be circumstantial evidence of discrimination by the employer.

**Failure to Promote**

In deciding whether the Plaintiff's National Origin was a motivating factor in the Defendant's decision not to promote the Plaintiff, you must first consider whether the Plaintiff has established the following facts by a preponderance of the evidence. First, the Plaintiff must establish that he was a member of the protected class, that is the Plaintiff must establish that his National Origin was not that of one born in the United States of America. Second, the Plaintiff must establish that he sought the desired position of employment. Third, the Plaintiff must establish that he was qualified for the desired promotion. Fourth, the Plaintiff must establish that he suffered an adverse employment action. the Plaintiff can establish the final element of the claim by demonstrating that the action occurred in circumstances giving rise to an inference of unlawful discrimination, for example, the promotion of a lesser qualified American born individual or demonstrative proof that the reason given by the Defendant for the action is false, a pretext.

If you find that the Plaintiff has failed to prove any one of these facts, you will find for the Defendant, (on this issue). If you find that the Plaintiff has proved all of these facts, then you must proceed to consider the reason the Defendant has given for the adverse employment action.

Defendant has alleges the Plaintiff was not as qualified for the promotion as the individual that did receive the promotion. The Plaintiff has the burden of establishing by a preponderance of the evidence that the reason offered by the Defendant was not really the reason for the denial of the promotion and that, more likely than not, the Plaintiff's National Origin was a determining factor in the decision.

If you find that Plaintiff has failed to prove that the reason offered by the Defendant was not really the reason for the denial of the promotion, then you will find for the Defendant on this issue. If you find that the Plaintiff has proved that the reason offered by the Defendant was an excuse for discrimination, then you will find the Plaintiff on this issue and you should proceed to determine the amount of damages.

New York State Human Rights Law provides for compensatory damages to those who suffer employment discrimination based upon sex, religion, national origin, pregnancy or age.

Back pay awards are appropriate pursuant to New York State Human Rights Law. Once a determination is made that the Plaintiff has sustained an economic loss from a discriminatory employment practice, back pay should normally be awarded unless special

circumstances are present.  Back pay encompasses more than just salary, it also includes fringe benefits such as vacation, sick pay, insurance and retirement benefits.

(**The Second Circuit has held that the determination of whether to award front pay and how much to award are questions for the Court and the jury.**  Front pay is an award for a reasonable period in the future to help reestablish the victim's rightful place in the job market.  Front pay is intended to compensate victims of discrimination of or the continuing future effects of discrimination until the victim can be made whole; it is a supplement to back pay, not a substitute for it.  Front pay is considered a form of equitable relief.  The award of front pay rests within the sound discretion of the trial court and should be based upon the likelihood of continuing disharmony in the workplace and the difficulty of monitoring the employer-employee relationship.  Front pay is not subject to the statutory cap on compensatory damages)

I am going to provide you with a written verdict form.  You will decide this case by answering the following questions:

1. Was the Plaintiff a member of a protected class due to his National Origin?

    Yes_____

    No_____

    If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

2. Did the Plaintiff seek a promotion?

    Yes_____

    No_____

    If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

3. Was the Plaintiff qualified for the promotion?

    Yes_____

    No_____

    If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

4. Did the Defendant deny the Plaintiff the promotion (that is, did the Plaintiff suffer an adverse employment action by the Defendant?)

15

                                                              Yes_____

                                                              No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

5        Was the reason offered by the Defendant for denying Plaintiff the desired promotion an excuse for discrimination? (Did the Defendant promote a lesser qualified individual to the sought after position?)

                                                               Yes_____

                                                             No_____

If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

6.       State the amount of compensatory damages, if any, awarded to Plaintiff.

                                                         Amount_____

If you decide not to make an award, you will insert the word "none".

**Termination of Employment**

In deciding whether the Plaintiff's National Origin was a motivating factor in the Defendant's decision, you must first consider whether the Plaintiff has established the following facts by a preponderance of the evidence. First, the Plaintiff must establish that he was a member of the protected class, that is the Plaintiff must establish that his National Origin was not that of one born in the United States of America. Second, the Plaintiff must establish that he satisfactorily performed the duties of his employment. Third, the Plaintiff must establish that he suffered an adverse employment action. Fourth, the Plaintiff can establish the fourth element of the claim by demonstrating that the action occurred in circumstances giving rise to an inference of unlawful discrimination, for example, not terminating the employment of an American born individual for the same workplace violation or demonstrative proof that the reason given by the Defendant for the action is false, a pretext.

If you find that the Plaintiff has failed to prove any one of these facts, you will find for the Defendant, (on this issue). If you find that the Plaintiff has proved all of these facts, then you must proceed to consider the reason the Defendant has given for the adverse employment action.

The Defendant has alleged that the Plaintiff failed to abide by a workplace rule, and thus, he deserved to lose his employment. The Plaintiff has the burden of establishing by a preponderance of the evidence that the reason offered by the Defendant was not really the reason for the denial of the promotion and that, more likely than not, the Plaintiff's National Origin was a determining factor in the decision.

If you find that Plaintiff has failed to prove that the reason offered by the Defendant was not really the reason for the denial of the promotion, then you will find for the Defendant on this issue. If you find that the Plaintiff has proved that the reason offered by the Defendant was an excuse for discrimination, then you will find the Plaintiff on this issue and you should proceed to determine the amount of damages.

New York State Human Rights Law provides for compensatory damages to those who suffer employment discrimination based upon sex, religion, national origin, pregnancy or age.

Back pay awards are appropriate pursuant to New York State Human Rights Law. Once a determination is made that the Plaintiff has sustained an economic loss from a discriminatory employment practice, back pay should normally be awarded unless special circumstances are present. Back pay encompasses more than just salary, it also includes fringe benefits such as vacation, sick pay, insurance and retirement benefits.

(**The Second Circuit has held that the determination of whether to award front pay and how much to award are questions for the Court and the jury.** Front pay is an award for a reasonable period in the future to help reestablish the victim's rightful place in the job market. Front pay is intended to compensate victims of discrimination of or the continuing future effects of discrimination until the victim can be made whole; it is a supplement to back pay, not a substitute for it. Front pay is considered a form of equitable relief. The award of front pay rests within the sound discretion of the trial court and should be based upon the likelihood of continuing disharmony in the workplace and the difficulty of monitoring the employer-employee relationship. Front pay is not subject to the statutory cap on compensatory damages)
Counsel for the Plaintiff in advance, respectfully requests the Court's permission to amend or supplement this Jury Charge as necessary due to the proofs offered at trial.

1. Was the Plaintiff a member of a protected class due to his National Origin?

   Yes_____

   No_____

   If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

2. Was the Plaintiff satisfactorily performing the duties of his employment?

17

                                                                                       Yes_____

                                                                                       No_____

       If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

3.       Did the Plaintiff suffer an adverse employment action by the Defendant?

                                                                                        Yes_____

                                                                                       No_____

       If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

4.       Was the reason offered by the Defendant for terminating the employment of the Plaintiff an excuse for discrimination? (Did the Defendant treat all workers, regardless of National Origin in the same manner when it came to matters of discipline)

                                                                                        Yes_____

                                                                                       No_____

       If your answer to this question is No, proceed no further in this series, and direction your attention to the next series of questions.

5.       State the amount of compensatory damages, if any, awarded to Plaintiff.

                                                               Amount_____

       If you decide not to make an award, you will insert the word "none".

**VI.**    <u>**Pain and Suffering**</u>

       Pursuant to New York State Human Rights Law, an individual who has been discriminated against can recover an award for pain and suffering. The Plaintiff herein has set forth evidence of the pain and suffering he incurred as the result of the Defendant's discriminatory actions.

       You are requested to evaluate the evidence set before you, and if you have concluded that the Defendant caused the Plaintiff in incur pain and suffering, you are to

award the Plaintiff an appropriate amount to compensate the Plaintiff for the damage he has suffered.

>State the amount of compensatory damages, for pain and suffering, if any, awarded to Plaintiff.

>Amount_____

>If you decide not to make an award, you will insert the word "none".

DATED:     New City, New York
           April 16, 2007

>s/ Barry D. Haberman
>Barry D. Haberman, Esq. (bh 2589)
>Attorney for the Plaintiff
>Muhammad Tariq Bilal
>254 South Main Street, Suite 401
>New City, New York 10956
>845-638-4294