UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUHAMMAD TARIQ BILAL,

        Plaintiff,

 -v-

BEST BUY CO., INC.,

        Defendant.

Case No. 06-CV-4015 (KMK)

<u>OPINION & ORDER</u>

<u>Appearances</u>:

Barry D. Haberman, Esq.
New City, New York
*Counsel for Plaintiff*

Andrew J. Bernstein, Esq.
Meredith A. Pennotti, Esq.
Dreier LLP
New York, New York
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

  Plaintiff Muhammad Tariq Bilal brings this employment discrimination action against Defendant Best Buy Co., Inc. The Complaint alleges that Defendant discriminated and retaliated against Plaintiff on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.

  On April 16, 2007, Defendant filed a Motion for Summary Judgment of Plaintiff's discrimination and retaliation claims. Rather than responding to Defendant's Motion, Plaintiff filed a Motion for Additional Discovery Pursuant to Federal Rule of Civil Procedure 56(f)

("Rule 56(f)"). For the reasons stated below, Plaintiff's Motion is DENIED. Plaintiff is directed to file a response to Defendant's Motion for Summary Judgment three weeks from the date of this Order.

I. Background

Plaintiff's Complaint was filed on May 26, 2006. (Dkt. No. 1.) The Complaint alleges four causes of action: (1) violation of Title VII for failure to promote; (2) violation of Title VII for wrongful termination of employment; (3) violation of Title VII for retaliation; and (4) violation of NYSHRL for failure to promote, wrongful termination of employment, and retaliation.

On July 14, 2006, the Parties met with Judge McMahon, to whom this case initially was assigned, to set a case management plan. (Dkt. No. 4.)[1] According to the case management plan, Defendant had until September 21, 2006 to depose Plaintiff, and discovery was to be completed by January 26, 2007. (*Id*.) Defendant did depose Plaintiff, but did not do so until December 12, 2006. (Pl.'s Ex. 13.)

On January 3, 2007, approximately three weeks before discovery was set to close, and eight months after filing his Complaint, Plaintiff issued his very first set of discovery requests to Defendant and noticed several depositions of Defendant's employees. (Haberman Affirmation Ex. 3-4.) As Defendant was not required by the Federal Rules of Civil Procedure to respond to Plaintiff's request within the remaining allotted period of discovery, Plaintiff requested that Judge McMahon adjourn the discovery completion date. (Dkt. No. 8.) Judge McMahon reluctantly granted the request, but did so with the following endorsement:

---

[1]This case was reassigned to the undersigned on August 6, 2007.

> Mr. H[aberman, Counsel for Plaintiff] – I am not terribly sympathetic, but then, your opponent seems to have taken his time about deposing your client. Discovery [is] extended until March 1. All 30 day notice periods are shortened to five days. Don't ask for more time at the end of February.

(Dkt. No. 8.) Once Judge McMahon granted the extension of discovery, the Parties scheduled the depositions noticed by Plaintiff, and Defendant began assembling responses to Plaintiff's discovery requests. (Pl.'s Ex. 8.) Contemporaneously, however, the Parties began serious negotiations of settlement. (Pl.'s Ex. 9.) As a result of the settlement negotiations, the Parties agreed to cancel the scheduled depositions and Defendant ceased assembling answers to Plaintiff's discovery requests. (Def.'s Mem. of Law in Opp'n to Pl.'s Mot. under F.R.C.P 56(f) and in Further Supp. of its Mot. for Summ. J. ("Def.'s Reply Mem.") 13-14; Haberman Affirmation ¶ 13.) On February 14, 2007, approximately two weeks before the extended discovery deadline was set to close, the Parties apparently reached an agreement to settle the case. (Def.'s Reply Mem. 14; Haberman Affirmation ¶ 13.)

On March 12, 2007, nearly a month after a settlement agreement supposedly had been reached, and nearly two weeks after discovery had closed, Plaintiff informed his counsel that he would not accept the previously-agreed-upon settlement offer. (Def.'s Reply Mem. 14; Haberman Affirmation ¶ 14.) Plaintiff communicated his change of heart to Defendant the following day, and then petitioned the Court to reopen discovery. (Def.'s Reply Mem. 14; Haberman Affirmation ¶ 14.) On March 21, 2007, Judge McMahon denied Plaintiff's application, stating specifically that "[t]he time for discovery has expired. I will not extend it.

No more discovery." (Dkt. No. 10.)[2]

With discovery closed, Defendant submitted a Motion for Summary Judgment on April 16, 2007. (Dkt. Nos. 14-21.) On May 1, 2007, Plaintiff's Counsel requested an extension of time to file his response, tendering the following explanation for the request:

> Over the past few weeks, my client has had some difficulty in making decisions about his action and in keeping appointments. Several appointments which concerned substantive issues relative to this action have not been kept. I have been informed that he has needed some medical procedures. I also report to the Court that many telephone messages left with my client have gone unreturned. Mr. Bilal was scheduled to appear in my office today to discuss important issues concerning the status of this action, filing of papers as well as rebutting factual allegations set forth by the Defendant in their moving papers. Mr. Bilal failed to keep this meeting and has failed to return my telephone calls.

(Dkt. No. 24.) In response to this letter, Judge McMahon granted Plaintiff a two-week adjournment. (*Id.*) Once the two weeks expired, Plaintiff's counsel requested another extension in order to pursue three possible options, "settlement, filing reply papers, and/or obtaining new Counsel," again noting difficulties in determining a course of action acceptable to Plaintiff. (Dkt. No. 25.) And again, Judge McMahon granted Plaintiff an adjournment, this time for three weeks. (*Id.*)

On June 4, 2007, the three-week extension expired. On June 5, 2007, rather than file a conventional response to Defendant's Motion for Summary Judgment, Plaintiff filed the Rule 56(f) Motion currently before the Court. (Dkt. Nos. 27-28.)

---

[2]In this same Order, the Court denied Defendant's application to enforce the settlement agreement, stating "[n]o settlement was placed on the record. No settlement agreement was signed. Therefore the case has not settled as far as I am concerned." (Dkt. No. 10.)

4

II. Discussion

"Rule 56(f) provides a vehicle for parties opposing a motion for summary judgment to obtain further discovery before the court rules on the motion." *Players, Inc. v. City of New York*, 371 F. Supp. 2d 522, 529 (S.D.N.Y. 2005).[3] A motion for further discovery under Rule 56(f) may not be granted unless an affidavit is submitted by the moving party satisfactorily explaining: "'(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts.'" *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003) (quoting *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (first alteration in original)); *see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir. 1985) (establishing four-part test). Even if Plaintiff's affidavit satisfies all of these conditions, "'Rule 56(f) is not a shield against all summary judgment motions. . . . [A] bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient to justify a denial of a motion for summary judgment under Rule 56(f).'" *Players, Inc.*, 371 F. Supp. 2d at 529 (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994)).

Plaintiff's affidavit adequately describes the additional facts sought through an extension

---

[3]Federal Rule of Civil Procedure 56(f) reads as follows:
    (f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
        (1) deny the motion;
        (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
        (3) issue any other just order.

of discovery. In particular, Plaintiff seeks: (i) the employment records of Bradley Kudrick (Mem. of Law in Supp. of Pl.'s Mot. for Additional Disc. Pursuant to Fed. R. Civ. P. 56(f) ("Pl.'s Mem.") 9); (ii) records of complaints of discrimination lodged by other employees of Defendant (*id*. 9); (iii) records of complaints investigated by Michael Doyle (*id*. 9-10); (iv) documents relating to credit card transactions – both records of improper processing and instructions given to employees (*id*. 10); and (v) the depositions of Bradley Kudrick, Pedro Torres, Adam Munoz, Michael Doyle and Keith Waldman, all of whom (aside from Kudrick) submitted declarations in support of Defendant's Motion for Summary Judgment (*id*. 10).

Plaintiff's affidavit is less adequate, however, in describing how this additional discovery is reasonably expected to create a genuine issue of fact. "[A] district court may refuse to allow additional discovery 'if it deems the request to be based on speculation as to what potentially could be discovered.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Stroh Co*., 265 F.3d 97, 117 (2d Cir. 2001) (quoting *Paddington Partners*, 34 F.3d at 1138). Plaintiff seeks to depose Torres, Munoz, Doyle, and Waldman in the hope that they will contradict their sworn testimony and reveal facts supportive of Plaintiff's version of events. (Pl.'s Mem. 11-12.) Plaintiff argues that these facts, "if adduced," will give rise to an inference of discrimination and retaliation. (*Id*.) Although Plaintiff is surely correct in stating that should Defendant's witnesses contradict their testimony and support Plaintiff's allegations, Defendant's Motion for Summary Judgment likely would fail, Plaintiff has not presented any reason to believe that the four declarants will do anything of the sort. This type of discovery request, based entirely on speculation, is not the proper use of Rule 56(f). *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 813 (2d Cir. 1994) (upholding denial of Rule 56(f) motion when plaintiff's request for discovery was based on

"mere speculation"); *Betances v. Prestige Decorating & Wallcovering, Inc.*, No. 05-CV-4485, 2006 WL 250486, at *2 (S.D.N.Y. Feb. 2, 2006) (denying Rule 56(f) motion based on plaintiff's speculative assertions that additional affidavits "may" create sufficient questions of material fact to preclude summary judgment); *Robertson v. Amtrak/Nat'l R.R. Passenger Corp.*, 400 F. Supp. 2d 612, 620 (S.D.N.Y. 2005) (noting that a district court may deny a Rule 56(f) motion if the request is deemed based on speculation as to what potentially could be discovered (citing *Nat'l Union Fire Ins. Co.*, 265 F.3d at 117)); *Players, Inc.*, 371 F. Supp. 2d at 529-30 ("The second element of the [Rule 56(f)] test, which requires a movant to show 'how the facts sought are reasonably expected to create a genuine issue of material fact,' cannot be satisfied based on mere speculation that additional evidence may be found to support [plaintiff's] case." (quoting *Paddington Partners*, 34 F.3d at 1138)); *Sundsvallsbanken v. Fondmetal, Inc.*, 624 F. Supp. 811, 815 (S.D.N.Y. 1985) (noting that a plaintiff's "bare assertion" that evidence supporting his/her allegation is in the hands of the defendant will not be sufficient to defeat a motion for summary judgment (quoting *Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981))).

Plaintiff also requests the employment records of Plaintiff's supervisors in order "to determine if said individuals have a history of discriminatory behavior or if they have ever been disciplined for evidencing discriminatory behavior." (Pl.'s Mem. 12.) This request suffers from the same speculative flaw. Here, Plaintiff does not outline any basis for supposing that evidence of such past discriminatory behavior exists; rather, Plaintiff seeks an extension to begin an investigation into this matter, without reason to believe that such evidence is likely to be found. This is not a proper basis for granting Plaintiff's Motion: "Rule 56(f) discovery is specifically

7

designed to enable a plaintiff to fill material evidentiary gaps in its case in an effort to withstand summary judgment . . . it does not permit a plaintiff to engage in a 'fishing expedition.'" *Capital Imaging Assocs. v. Mohawk Valley Med. Assocs.*, 725 F. Supp. 669, 680 (N.D.N.Y. 1989) (internal citations omitted) (quoting *Waldron v. Cities Serv. Co.*, 361 F.2d 671, 673 (2d Cir. 1966), *aff'd sub nom*, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991) ("In a summary judgment context, an opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of [a summary judgment] motion." (internal quotation marks omitted) (alteration in original)).

Other evidence that Plaintiff seeks – in particular, the documents relating to the credit card transaction policy – while not speculative, would be unlikely to create a triable issue of fact. Plaintiff argues that the credit card transaction policy document that Defendant submitted was not in existence when Plaintiff was disciplined. Even if true – if, that is, the policy document presented by Defendant post-dates Plaintiff's disciplining – Plaintiff still admitted in his deposition testimony that he understood his responsibility to authorize credit cards before accepting payment, and he understood the reasons why Defendant would require such authorization. (Pl.'s Dep. 114-17.) Given such an admission, the Court fails to see how additional discovery on this issue would assist Plaintiff in creating a triable issue of fact.

The only non-speculative evidence sought by Plaintiff that might serve to create a triable issue of fact are the documents relating to Bradley Kudrick's employment history. Plaintiff argues that Kudrick was promoted above Plaintiff despite Plaintiff's superior technical expertise and that Kudrick's employment file might flesh out this claim. Although Defendant argues that

Kudrick was promoted above Plaintiff for a variety of reasons (Def.'s Reply 10-11) – explanation of which may prevent Plaintiff from establishing that Defendant's motivation in hiring Kudrick was mere pretext for discrimination – the Court cannot say that the evidence sought by Plaintiff could not serve to create a triable issue of fact in regard to Plaintiff's failure to promote claim.

Although Plaintiff has established that at least some of the evidence he seeks – in particular, the Bradley Kudrick employment file – may serve to create a triable issue of fact, Plaintiff has not satisfied the last two elements of the four-part Rule 56(f) test. The third and fourth elements of the test require Plaintiff to demonstrate that he made reasonable efforts to obtain the facts he now seeks, and to show why those reasonable efforts were unsuccessful. *See Paddington Partners*, 34 F.3d at 1138. As cases and commentators have noted, however, Rule 56(f) "'will not be applied to aid a party who has been lazy or dilatory,' or who has failed to take reasonable steps to obtain access to the information sought." *Players, Inc.*, 371 F. Supp. 2d at 532 (quoting 10B Charles A. Wright et al, Federal Practice & Procedure § 2741 (2005)); *accord Paddington Partners*, 34 F.3d at 1139 ("Requests for discovery in the face of motions for summary judgment put forth by parties who were dilatory in pursuing discovery are disfavored . . . ."); *Robertson*, 400 F. Supp. 2d at 620 (same).

Here, the evidence shows that Plaintiff waited until three weeks before the close of discovery (and eight months after filing his Complaint) to make *any* discovery requests or notice *any* depositions. (Haberman Affirmation Ex. 3-4.) As the original discovery deadline approached, Plaintiff requested an extension. Although Judge McMahon was generally unsympathetic to Plaintiff's request, she nonetheless granted the extension, noting that

9

Defendant had similarly taken its time deposing Plaintiff. Once Plaintiff received the extension, however, Plaintiff decided against following through with the discovery he requested, apparently confident that the ongoing settlement negotiations would obviate the need for the discoverable materials. This decision to cease the pursuit of discovery in the wake of settlement discussions was made with full knowledge that there would be no subsequent extensions of the discovery deadlines. (Dkt. No. 8 (granting Plaintiff's request for an extension of the discovery deadline but adding, "[d]on't ask for more time at the end of February").)

"Rule 56(f) requires the court to ensure that the parties have a *reasonable opportunity* to make their record complete before ruling on a motion for summary judgment." *Sundsvallsbanken*, 624 F. Supp. at 814 (emphasis added). In opposing a summary judgment motion, "[t]he nonmoving party must have 'had *the opportunity* to discover information that is essential to his opposition' to the motion for summary judgment. But the trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery." *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (emphasis added). Here, Plaintiff does not deny that he had opportunities to conduct discovery – both before and after the extension granted by Judge McMahon. This itself is fatal to Plaintiff's claim. *See Robertson*, 400 F. Supp. 2d. at 621 ("The inability to effectively defend against a summary judgment motion because one has failed to conduct any discovery is an insufficient basis on which to defeat the motion."). Moreover, Plaintiff decided to pursue settlement in lieu of – rather than in addition to – discovery, despite the blunt warning from Judge McMahon that no additional extensions of discovery would be granted. This failure of diligence is not an adequate

65-67 (W.D.N.Y. 2004) (denying plaintiff's motion pursuant to Rules 16(b) and 56(f) when plaintiff assumed that the case would enter into an early settlement and thus neglected to pursue timely discovery, despite warnings from the court that there would be no further discovery deadline extensions); *cf. Lory v. Gen. Elec. Co.*, 179 F.R.D. 86, 88 (N.D.N.Y. 1998) (denying discovery extension pursuant to Rule 16(b), observing that plaintiff's "unfounded belief that settlement was likely affords no basis for a finding of good cause. The possibility of settlement is ever present in virtually all civil cases. Only in the rarest of cases will such a possibility suffice to demonstrate good cause, particularly where, as here, the deadlines for disclosure were established . . . ."). Accordingly, Plaintiff's Motion for Additional Discovery is denied.

### III. Conclusion

For the reasons stated herein, Plaintiff's Motion for Additional Discovery Pursuant to Rule 56(f) is DENIED. Plaintiff is directed to file a response to Defendant's Motion for Summary Judgment within three weeks of the date of this Order. Defendant will have two weeks thereafter to submit its reply brief. The Clerk of Court is respectfully directed to terminate Plaintiff's Motion. (Dkt. No. 27.)

SO ORDERED.

Dated:  June 3 0 , 2008
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List:

Barry D. Haberman, Esq.
254 South Main Street #401
New City, NY 10956
Email: HAHEROES@aol.com
*Counsel for Plaintiff*

Andrew J. Bernstein, Esq.
Meredith A. Pennotti, Esq.
Dreier LLP
499 Park Avenue
New York, NY 10022
Email: abernstein@dreierllp.com
Email: apollock@dreierllp.com
*Counsel for Defendant*